John W. Villines (CA SBN 193672)
JV LAW
726 14th Street, Suite E
Modesto, CA  95354
*Mailing Address*:
P.O. Box 580049
Modesto, CA  95358-0002
Tel:  (209) 524-9903
Fax: (209) 524-6655
E-Mail:  john@jvlaw.net

Attorneys for Plaintiff
Marciana L. Parreira

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANA L. PARREIRA, an individual<br><br>Plaintiff,<br><br>vs.<br><br>WMC MORTGAGE, LLC, CHASE HOME FINANCE, LLC, NDEX WEST, LLC, and DOES 1 – 50;<br><br>Defendants. | Case No:  1:09-at-00085<br><br>**COMPLAINT FOR RECISSION, DAMAGES & JURY DEMAND** |

Plaintiff MARICANA L. PARREIRA, hereby complains and alleges as follows:

## I. Preliminary Statement

1.   Plaintiff MARCIANA L. PARREIRA brings this action against WMC MORTGAGE, LLC, CHASE HOME FINANCE, LLC, NDEX WEST, LLC, and DOES 1 through 50 (collectively hereinafter "Defendants") to:

   a.  Give effective Notice to Rescind and Cancel the security instrument;

-1-

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

    b. Enforce Rescission;

    c. Reimburse all fees, charges, and costs paid in a consumer credit transaction pursuant to violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and its implementing regulations at 12 C.F.R. § 226 *et seq.* (Reg. Z); and

    d. Obtain a reasonable attorney fee.

2. As home mortgage lenders, Defendants are required to clearly and conspicuously disclose to consumers material information regarding any loans sold, transferred or assigned pursuant to TILA. TILA mandates disclosure of essential facts any consumer would need to assess the affordability and desirability of any given loan, including but not limited to the actual interest rate to be paid on the loan and whether the loan will result in negative amortization.

3. Despite their legal obligations, throughout the relevant time period, Defendants failed to clearly and conspicuously disclose and/or actively concealed material information regarding the loan at issue here to lure Plaintiffs into purchasing a loan that would result in overextension of credit, loss of equity in their home, derogatory credit reporting, and foreclosure on Plaintiffs' home.

4. Rather than notify Plaintiffs' of true facts, Defendants provided Plaintiffs with

intentionally confusing and misleading information and failed to disclose in a clear and conspicuous manner material information about the loan, including but not limited to the actual interest rate on the loan, the actual finance charges and amount financed in connection with the loan, and Plaintiffs' rescission rights.

5.  The Defendants are proper parties to be sued for claims arising out of the transaction when Defendants are attempting to *enforce contractual obligations* and the Plaintiff is in an affirmative or defensive position asserting a rescission claim under TILA, Reg. Z, asserting a basis to rescind under Reg. Z – 12 C.F.R. § 226.23(h)(2), *Special rules for foreclosures*, when a foreclosure is underway, and other statutory relief under California statutes and for any claims in the nature of a defense in recoupment and set-off against all Defendants.

6.  As a result of their unlawful conduct, Defendants have profited mightily at the expense of Plaintiffs, who have lost equity in their home, suffered derogatory credit reports, and are in the process of losing their home through foreclosure.

## II. Parties

7.  Plaintiff MARCIANA L. PARREIRA ("Plaintiff") is a *consumer* and a *natural person* as that term is defined under 15 U.S.C. § 1602(h). Plaintiff has rights as a citizen domiciled here in California, the owner of the *principal dwelling* commonly known as 938 Adams Avenue, City of Los Banos, County

-3-

of Merced, State of California (93635) (hereinafter the "Property") and at all times relevant and material hereto, resides on the Property as Plaintiff's home.

8.  Defendant WMC MORTGAGE, LLC, is a Delaware limited liability company actively registered with the California Secretary of State. Plaintiff is informed and believes, and thereon alleges, that this defendant is the Successor in Interest or the alter ego of WMC Mortgage Corp, the originator of the loan at issue. This Defendant is a *creditor* as that term is defined under 15 U.S.C. § 1602(f) and Reg. Z – 12 C.F.R. § 226.2(a)(17) and at all times relevant hereto is regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installments by written agreement.

9.  Defendant CHASE HOME FINANCE, LLC, is a Delaware limited liability company actively registered with the California Secretary of State, and is a purported substitute beneficiary. This Defendant is a *creditor* as that term is defined under 15 U.S.C. § 1602(f) and Reg. Z – 12 C.F.R. § 226.2(a)(17) and at all times relevant hereto is regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installments by written agreement.

10.  Defendant NDEX WEST, LLC , is a Delaware limited liability company actively registered with the California Secretary of State. This Defendant is a

purported substitute trustee, may claim a pecuniary interest, and is joined and needed for just adjudication.

11. Defendants DOES 1 – 10 are involved in the instant case and transactions and are currently unknown to Plaintiffs, and are therefore sued by such fictitious names.  Plaintiff alleges, on information and belief, that said Defendants are securitized trusts, equity funds, collateralized debt obligations (CDO), CDO underwriters, CDO trustees, hedge funds or other entities that acted as additional lenders, loan originators, and/or assignees to the loan which is the subject of this action.  These DOES may include corporate parents, subsidiaries or other related entities of Defendants who may also be liable to Plaintiff.  At all times mentioned herein, Defendants, and each of them, were engaged in the business of selling, servicing and/or owning, or are and were the assignees of, the loan that is the subject of this Complaint.  Plaintiff will seek leave of Court to replace the fictitious names of these entities with their true names when there are facts are known and supported by competent evidence.

12. Plaintiff is informed, believes, and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused

-5-

by the conduct of Defendants.

13. At al times material hereto, each of the Defendants (both named and DOE defendants) sued herein were the agent, servant, employer, joint venturer, partner, division, owner, parent, subsidiary, alias, assignee, successor in interest, and/or alter ego of the other remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, parent, subsidiary, assignment, successorship, alter-ego, partnership or employment and with the authority, consent, approval, and ratification of the remaining Defendants.

14. At all times mentioned herein, each Defendant was the co-conspirator of the remaining Defendants and was acting with the course and scope of said conspiracy and with the permission and consent of the other Defendants.

15. At all times mentioned herein, each Defendant was acting in concert or participation with the other Defendants, or was a joint participant and collaborator in the acts complained herein.

### III. Jurisdiction/Venue

16. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiff's state law claims because these claims are so related to the claims within the Court's original jurisdiction that

they form part of the same case or controversy under Article 3 of the United States Constitution. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201. Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's pendent jurisdiction.

17. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally and whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated here, communications notifying Plaintiff of a non-judicial foreclosure and election to sell under the security instrument conveyed and enforced by Defendants are in this district, and Defendants' conduct significant business within the forum state of California and/or have purposely targeted California residents in the distribution, sale and/or transfer and servicing of residential loans, including the loan at issue here.

### IV. Conditions Precedent

18. All conditions precedent have been performed or have occurred and TILA and Reg. Z violations may be asserted affirmatively and defensively due to the non-judicial foreclosure filing and election to sell and as a recoupment or set-off pursuant 15 U.S.C. 1637 *et seq*.

19. The mere loss of a statutory right to disclosure is an injury that gives the consumer standing for Article III purposes, *DeMando v. Morris*, 206 F.3d 1300

-7-

(9th Cir. 2000).

20. Plaintiff has standing as of the date of the contract and where the contract is a federally related mortgage transaction governed by TILA, Reg. Z, and due to the non-judicial Notice of Default foreclosure filing recorded in the official records of Merced County, a copy attached hereto as Exhibit 2 and incorporated as if fully stated herein by reference.

### V. Factual Allegations

21. Defendants are in the business of selling a variety of home loans to consumers, including the residential loan that is the subject of this Complaint.

22. As home mortgage lenders, Defendants are required by law to clearly and conspicuously disclose certain information to consumers, in writing, regarding the terms of the loan to protect the integrity of the home lending industry and shield consumers from predatory lending practices.

23. Throughout the relevant time period, Defendants have not met their legal obligations due to their failure to clearly and conspicuously disclose pertinent information regarding the loan sold to Plaintiff and by misleading Plaintiff regarding the terms of the loan.

24. The federally related mortgage transaction at the root of this case was closed with documents signed on or about August 23, 2005 (hereinafter the "Closing").

25. Plaintiff's application consolidated and refinanced a previous mortgage loan

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

transaction covering real property then and now the primary *principal dwelling* and home of the Plaintiff.

26. During the refinancing loan application process, Defendants intended Plaintiff to believe that by entering into this loan contract, Plaintiff would have low mortgage payments. Defendants initiated their scheme in order to maximize the number of loans sold to consumers and to maximize their profits.

27. The purpose of TILA is to assure meaningful disclosure of credit terms so that the borrowers will be able to compare more readily the various credit terms available to them (and to their existing mortgage loan) and avoid the uninformed use of credit, and to protect consumers against inaccurate and unfair credit billing practices.

28. At the purported Closing, Plaintiff entered into a mortgage loan transaction (hereinafter the "Transaction") with Defendants, and was provided with copies of various documents to include those material to this case, incorporated fully herein and identified collectively as Exhibit 3:

    a. Promissory Note,

    b. A Deed of Trust security instrument,

    c. A Good Faith Estimate & Borrower's Estimated Statement,

    d. A Truth in Lending Disclosure Statement,

    e. A HUD – 1 Final Closing Settlement Statement,

    f. Notices of Right to Cancel.

29. The Transaction required Plaintiff to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

30. The Transaction and all closing documents characterize a *Consumer Credit Transaction* as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z - 12 C.F.R. § 226.2(a).

31. The Transaction is a Closed-end Credit Transaction as that term is defined in Reg. Z - 12 C.F.R. § 226.2(10) where a *security interest* was retained in favor of the lender.

32. The Transaction is subject to all content requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638, Reg. Z - 12 C.F.R. §§ 226.17 – 226.23.

33. The material documents specifically identified above in the aforementioned Exhibit 3, all failed in one or more material respects to disclose to the Plaintiff in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

34. The material documents specifically identified in Plaintiff's Exhibit 3, above, all failed in one or more material respects to disclose to the Plaintiff clearly and conspicuously the true nature and cost of this Transaction.

35. The HUD – 1 Settlement Statement identifies additional charges deducted

from the "Amount Financed" that are actually "Finance Charges" as that term is defined under U.S.C. § 1605(a) and Reg. Z - 12 C.F.R. § 226.4(a).

36. The failure to accurately disclose these charges and settlement service fees varies by more than $35.00 and materially understates the "Finance Charges" on the Truth in Lending Disclosure Statement.

37. Pursuant to Reg. Z - 12 C.F.R. § 226.23(h)(2), *Special rules for foreclosures, Tolerance for Disclosures*, when a foreclosure is underway, the tolerance for Rescission is $35.00 for an understated "Finance Charge" disclosure.

38. The failure to accurately and effectively disclose the Truth in Lending Disclosure Statement is a failure to accurately provide a *material* disclosure as that term is defined under 15 U.S.C. § 1602(u); Reg. Z - 12 C.F.R. § 226.23(a)(3) n48.

39. Plaintiff has received a "Notice of Default and Election to Sell Under Deed of Trust," which was initiated and sent by Defendants.

40. Notwithstanding these allegations, Plaintiff has a continuing right to rescind the Transaction until the third business day after receiving both the proper Notice of Right to Cancel and delivery of all *material* disclosures correctly made in a form the Plaintiff may keep pursuant to 15 U.S.C. § 1635(a) and Reg. Z – 12 C.F.R. § 226.23(a).

41. The three day right to rescind is statutorily extended up to three-years under

-11-

15 U.S.C. § 1635(f) due to the foregoing *material* failure to provide effective Notice of Right to Cancel.

42. Plaintiffs now give effective notice to rescind the Transaction without further notice, hereby surrenders the Property or its equivalent in value determined by application of all proceeds since origination, and disputes any alleged default due to rescission of the Transaction

43. A controversy has arisen due to Defendants failure to provide accurate *material* disclosures so that Plaintiff may tender any balance and extinguish the Transaction by operation of law.

44. Defendants' failure to clearly and conspicuously disclose the terms of the loan pursuant to TILA and Reg. Z made it impossible for Plaintiff to discover the fraud or nondisclosures within the one-year statutory period for civil damages claims, even through the use of due diligence. Therefore, the doctrine of equitable tolling applies to Plaintiff's claims for civil damages and rescission.

45. The foregoing acts and *material* omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of the Plaintiff's federal disclosure rights.

## VI. Claims for Relief

**Count 1 – Rescission under TILA & Reg. Z Against All Defendants**

46. Plaintiff incorporates each paragraph set forth above as if fully stated herein.

-12-

47. A rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

48. As a result of Defendants failure to provide proper *material* disclosures correctly as described above, Plaintiff is entitled to and has exercised her right of rescission of the Transaction.

49. Rescission of the Transaction extinguishes any liability Plaintiff has to Defendants for finance or other charges arising from the Transaction.

50. Defendants have a fiduciary duty and obligation to perform upon this notice of rescission by canceling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument is void and unenforceable under 15 U.S.C. § 1635(b).

51. Defendants have twenty-days (20) to refund or credit the alleged account all monies paid and to void the security interest, or seek judicial guidance.

52. Defendants' performance is a condition precedent to Plaintiff's duty to tender and failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640. Plaintiff is willing and able to tender the balance of the net loan proceeds and/or the Property after Defendants have complied with Regulation Z.

53. Any further acts to enforce an invalid security instrument and impose finance

charges and fees are wrongful, improper, and a serious breach of fiduciary duty associated with Defendants' obligations. Such acts violate TILA, Reg. Z, and are contrary to the explicit statutory requirements and contract between the parties.

54. Defendants' failure to clearly and conspicuously disclose the terms of the loan pursuant to TILA and Reg. Z made it impossible for Plaintiff to discover the fraud or nondisclosures within the one-year statutory period for civil damages claims, even through the use of due diligence. Therefore, the doctrine of equitable tolling applies to Plaintiff's claims for civil damages and rescission.

55. As a direct and proximate result of Defendants' conduct in violation of TILA, Plaintiff has suffered injury in an amount to be determined at trial. If Defendants had not violated TILA and instead properly disclosed the material terms of Defendants' ARM loan product, as alleged, Plaintiff would not have entered into the loan Transaction.

56. Said wrongful acts of Defendants entitle Plaintiff to statutory and actual relief, orders enforcing rescission, and a reasonable attorney fee and costs of litigation.

### Count 2 – TILA; Reg. Z Against Defendants

57. The original payee of the note and beneficiary of all other documents at a purported closing with Defendants acted in contravention of TILA 15 U.S.C. §

1601 *et seq.* and Reg. Z in the following particulars, each and all of which may also be asserted affirmatively and defensively by Plaintiff as a result.

58.  The TILA Disclosure Statements, and all documents provided to Plaintiff in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following other respects:

   i. By failing to provide all required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Reg. Z - 12 C.F.R. § 226.17(b),

   ii. By failing to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z - 12 C.F.R. § 226.17(a)(1),

   iii. By failing to include in the Finance Charge certain charges imposed by Defendants payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Reg. Z - 12 C.F.R. § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Reg. Z § 226.18(d); and

   iv. By failing to accurately disclose material disclosures in violation of 15 U.S.C. § 1632(u) and Reg. Z - 12 C.F.R. § 226.23(a)(3) n48.

59. As a result of the acts specifically alleged above, Plaintiff has suffered injury an amount to be determined at time of trial.  If Defendants had not violated

TILA and instead properly disclosed the material terms of Defendants' loan product, as alleged herein, Plaintiff would not have entered into the loan Transaction.

60. Defendants' failure to clearly and conspicuously disclose the terms of the loan pursuant to TILA and Reg. Z made it impossible for Plaintiff to discover the fraud or nondisclosures within the one-year statutory period for civil damages claims, even through the use of due diligence. Therefore, the doctrine of equitable tolling applies to Plaintiffs' claims for civil damages and rescission.

61. The aforementioned acts entitle Plaintiff to statutory and actual relief pursuant to 15 U.S.C. § 1640, rescission pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, and reasonable attorney fees and costs of litigation.

## VII. Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

## VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA and Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), Plaintiff prays for judgment against Defendants as follows:

1. Rescission of this Transaction,

2. Termination of any security interest in Plaintiff's property created under the transaction,

3. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction,

4. Statutory damages of no less than $2,000 for the disclosure violations,

5. Statutory damages of no less than $2,000 if Defendants' fail to respond properly to Plaintiff's rescission notice,

6. Forfeiture of return of loan proceeds if Defendants' fail to respond properly to Plaintiff's rescission notice,

7. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining a legal or non-judicial proceeding on the Plaintiff's Property, from recording any deeds, mortgages, or liens on or regarding the Property, except a lawful release of lien, and from otherwise taking any steps to deprive Plaintiff of her ownership of the Property;

8. A Court Order that if Defendants fail to further respond lawfully to Plaintiff's valid rescission notice, Plaintiff has no duty to tender, but in the alternative, if tender is required, a determination of the amount of the tender obligation in light of Plaintiff's claims, and a further order for Defendants to accept tender on reasonable terms and over a reasonable period of time;

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

9. Actual damages in an amount to be determined at trial,

10. Reasonable attorney fee and costs of suit,

11. For such other and further relief as the Court may deem just and proper.

DATED:  January 31, 2009.                              JV LAW


                           By: */s/ John W. Villines/*

                              John W. Villines
                              Attorneys for Plaintiff
                              MARCIANA L. PARREIRA